## SMITH M. IRION *v.* DELIA A. COLE.

1. CHANCERY JURISDICTION. *Cross bill. Independent legal demand.*

    In an equity suit to enforce a lien for the security of a debt, the defendant may, by cross bill, propound an independent legal demand as a set-off against the complainant's debt.

2. SAME. *Constitution* 1890, *sec.* 147.

    If the chancery court overrule a demurrer to a cross bill, the supreme court cannot reverse the decree because of any error or mistake as to whether the matters therein propounded be of equity or common law jurisdiction. Sec. 147, const. 1890, prohibits reversals for such error.

FROM the chancery court of Noxubee county.

HON. ADAM BYRD, Chancellor.

Irion, the appellant, was the complainant, and Mrs. Cole, appellee, was defendant in the court below. The facts are stated in the opinion of the court.

*John R. Dinsmore* and *H. L. J. Barnes*, for appellant.

The cross bill introduced new and distinct matter not embraced in the original suit, in that defendant sought therein to set up by way of set-off to the claim of this appellant rent of some land known as the "Murdock Place" and the board of some mares for two or three months, as well as rent for the land sought to be subjected to appellant's claim, neither of which items have any earthly connection with the cause of action embraced in the original bill.

"A cross bill is a mere auxiliary suit and a dependency of the original," and "it must be touching the matters in question in the bill." *Cross* v. *De Vall*, 1 Wall. (U. S.), 14; Story's Equity Pleading, sec. 389; 4 Am. & Eng. Enc. L., p. 905, note 2; 6 Am. & Eng. Enc. L., p. 769, note 5; *Gilmer* v. *Felhour*, 45 Miss., 627; *Trapnell, Exr.*, v. *Hill*, 31 Ark., 345-359.

Appellee is in the attitude of one seeking to set up in her cross bill an open account and have it allowed when the items, on the face of them, are seen to have arisen from transactions having not the slightest connection with those upon which the original bill is predicated. This position is, of course, untenable. The demands set up in the cross bills are purely legal, not enforceable in a court of equity, and so cannot be made the subject of a cross bill. *Wright* v. *Frank*, 61 Miss., 32; *Gilmer* v. *Felhour*, 45 Miss., 627; 6 Am. & Eng. Enc. L., p. 769, note 5.

Supposing, for the sake of the argument, these claims could be set up in a court of equity, still appellee has a full, complete and adequate remedy at law, and she can right herself there and will be in nowise prejudiced from being prohibited from setting them up in a court of equity, while their admission therein will serve no good purpose, but will only tend to complicate the adjustment of the rights of the parties.

The reporter finds no brief for appellee in the record.

CALHOON, J., delivered the opinion of the court.

Irion filed his bill in chancery to enforce his vendor's lien for payment of money due on Cole's promissory note for the purchase money for land. Cole, in defense, set up payment, and, also, by way of cross bill, as set-off, that Irion owed her more than the sum unpaid on other transactions, specifying them, and prayed for an accounting and decree for the balance. Irion demurred to this cross bill, because it introduced new and distinct matter not germane to the complaint in the bill, and

matters of purely legal demand, for which the cross complainant had full, adequate and complete remedy at law. This demurrer was overruled, and Irion appeals to settle the principles of the case.

While we should sustain the action of the court below on general principles, we must sustain it on the construction of section 147 of our constitution, announced in the case of *Cazeneuve* v. *Curell*, 70 Miss., 521.

*Affirmed, allowing sixty days to complainant to answer the cross bill.*